UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARLINE J. PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-728** |
| **LOUISIANA DEPARTMENT OF HEALTH** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 22). For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Plaintiff Earline J. Parker brings this lawsuit against Defendant Ralph L. Abraham, M.D., in his official capacity as Secretary of the Louisiana Department of Health ("LDH"), which is the agency designated by the State of Louisiana to administer the federal Medicaid program for the State.[1] Plaintiff challenges the LDH's "illegal termination of Medicaid assistance" under the Medicaid Act through 42 U.S.C. § 1983.[2] Plaintiff seeks reversal of the LDH's decision to terminate her Medicaid, a permanent injunction against the LDH from violating the federal Medicaid statutes and regulations, a declaratory

---

[1] Doc. 21 at 2.
[2] 42 U.S.C. § 1396 *et seq.*

1

judgment that the LDH's Medication Eligibility policy § H-2020 is invalid, and an award of attorney's fees and costs.[3]

Plaintiff alleges the following facts. Plaintiff is a 71-year-old widow who has sole legal custody of her six-year-old granddaughter, M.H. M.H. resides with Plaintiff. In August of 2023, shortly before her Medicaid assistance was terminated, Plaintiff's monthly income was $2,119.52, which consisted of $190.52 from a retirement pension, $1,479 in Social Security benefits, and $450 from the Kinship Care Subsidy Program through the Louisiana Department of Children and Family Services "to help support her six year old [sic] granddaughter, M.H."[4] At that time, Plaintiff also received Medicaid through the Medicare Savings Program known as Qualified Individuals, which paid for her Medicare Part B premium. M.H. receives Medicaid through a different program.

On September 1, 2023, the LDH determined that Plaintiff's income exceeded the threshold for continued assistance as a Qualified Individual. This determination was based on the LDH's finding that Plaintiff lived in a one-person household. The LDH closed Plaintiff's Medicaid coverage. Plaintiff appealed the determination, and her Medicaid was continued while her appeal was pending. Her appeal was denied, and beginning in April of 2024, the LDH stopped paying Plaintiff's Medicare Part B premiums.

---

[3] Doc. 21 at 10–11.

[4] Doc. 1 at 5; Doc. 21 at 5–6. Plaintiff now receives $1,527 per month in Social Security benefits. Doc. 21 at 5. In her Amended Complaint, On April 22, 2024, Plaintiff filed a supplemental declaration, stating that "Medicaid stopped paying for [her] Medicare Part B premiums of $174.70 per month, so Social Security reduces [her] retirement check to pay for the premiums." Doc. 18-1 at 1. Plaintiff now receives a net amount of $1,352 per month in Social Security benefits. Doc. 18-1 at 2. Additionally, Plaintiff has now lost her Kinship Care Subsidy due to a "paperwork problem." Doc. 21 at 6–7.

On April 30, 2024, this Court granted Plaintiff's Motion for Preliminary Injunction, ordering Defendant to "maintain the status quo in payment of Plaintiff's monthly Medicare Part B premiums pending final disposition of this matter or further order of the Court."[5] Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. Plaintiff opposes.[6]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9] The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[13] "Because of the liberal pleading

---

[5] Doc. 20 at 13.

[6] Doc. 25.

[7] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[8] *Id.*

[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[10] *Iqbal*, 556 U.S. at 667.

[11] *Id.*

[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[13] *Lormand*, 565 F.3d at 255–57.

3

standard prescribed by F.R.C.P. 8(a), dismissal for failure to state a claim is viewed with disfavor, and is rarely granted."[14]

## LAW AND ANALYSIS

Defendant moves this Court to dismiss Plaintiff's claims because "[t]he statutory authority that Plaintiff cites in her Complaint does not confer an individual private right of action that is enforceable under 42 U.S.C. § 1983."[15] Defendant also argues that its "has correctly determined that Plaintiff is a household of one," and it "is not in violation of the Medicaid Act and is in compliance with the Medicaid statutes."[16] Plaintiff responds that she asserts a right enforceable under § 1983 according to Fifth Circuit precedent, and Defendant's decisions, policies, and procedures resulted in illegal termination of her Medicaid benefits. The Court considers each of Defendant's arguments for dismissal in turn.

### 1. *Private Right of Action under § 1983*

Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[17]

---

[14] Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).
[15] Doc. 22 at 3.
[16] *Id.*; Doc. 22-1 at 1.
[17] 42 U.S.C. § 1983.

4

The term "laws" as used in § 1983 "is not limited to civil rights or equal protection laws but rather embraces all federal statutes."[18] "Section 1983 is, however, unavailable to enforce federal statutes in two settings: (1) where Congress has foreclosed section 1983 enforcement in the enactment itself and (2) where the statute does not create enforceable rights, privileges, or immunities within the meaning of section 1983."[19]

In her Amended Complaint, Plaintiff alleges that she "has a private right of action to challenge illegal termination of Medical assistance under 42 U.S.C. § 1983."[20] Specifically, Plaintiff avers that "[i]n applying a standard that is without basis in federal law, that only the individual and sometimes their spouse are to be considered in determining eligibility, the Department violates the requirements of 42 U.S.C. § 1396a(a)(8)."[21] Section 1396a(a)(8) requires that State plans for Medicaid assistance "provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals."[22] Thus, the Court must consider whether § 1396a(a)(8) is a law capable of enforcement under § 1983.

The Supreme Court has set forth a tripart test for determining whether a federal statute creates a right enforceable under § 1983:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence.

---

[18] Victorian v. Miller, 813 F.2d 718, 720 (5th Cir. 1987) (citing Maine v. Thiboutot, 448 U.S. 1, 4 (1980)).
[19] *Id.* (citing Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 20 (1981); Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 28 (1981)).
[20] Doc. 21 at 3.
[21] *Id.* at 10.
[22] 42 U.S.C. § 1396a(a)(8).

> Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.[23]

And the Supreme Court later elaborated upon this test in *Gonzaga University v. Doe*, holding that nothing "short of an unambiguously conferred right" may support a cause of action under § 1983.[24]

Years later, in *Romano v. Greenstein*, the Fifth Circuit found that § 1396a(a)(8) satisfies the Supreme Court's three-part test and the standards set forth in *Gonzaga University v. Doe*.[25] Thus, the Fifth Circuit held that "the 'reasonable promptness' provision of § 1396a(a)(8) creates a private cause of action enforceable under § 1983."[26] Here, Plaintiff asserts a violation of the reasonable promptness provision of § 1396a(a)(8) and therefore asserts a right enforceable under § 1983.

Defendant nevertheless argues that "Medicaid's Equal Access provision does not confer individual private rights that are enforceable under § 1983" because it "does not create sufficient 'rights-granting' language" demonstrating congressional intent to create an enforceable right.[27] This argument is a verbatim recitation of the Fifth Circuit's rationale and holding in *Equal Access for El Paso, Inc. v. Hawkins*, wherein the court considered whether the Equal Access Provision, or 42 U.S.C. § 1396a(a)(30)(A), created a right enforceable under § 1983.[28] The Court notes, however, that § 1396a(a)(8) is the relevant statute at issue here—not § 1396a(a)(30)(A)—and the facts before this Court

---

[23] Blessing v. Freestone, 520 U.S. 329, 340 (1997).
[24] 536 U.S. 273, 288 (2002).
[25] 721 F.3d 373, 378–79 (5th Cir. 2013).
[26] *Id.* at 379.
[27] Doc. 22-1 at 11. Defendant does not, however, attempt to argue that Congress has foreclosed § 1983 enforcement in the enactment itself.
[28] 509 F.3d 697, 703 (5th Cir. 2007).

are wholly distinguishable from those before the Fifth Circuit in *Equal Access for El Paso*.[29] In fact, Plaintiff does not cite the Equal Access provision anywhere in her Amended Complaint.[30] Without any argument as to why the Court should adopt the Fifth Circuit's holding in *Equal Access for El Paso*, when Plaintiff asserts violation of an entirely distinct section of the Medicaid Act—that the Fifth Circuit *has* held creates an enforceable right—the Court declines to do so.

Indeed, the Court finds the facts in this case to be analogous to those in *Romano v. Greenstein*, as here too, Plaintiff claims that her Medicaid assistance was illegally terminated in violation of § 1396a(a)(8) as an eligible individual.[31] Accordingly, the Court finds that Plaintiff asserts a right enforceable under § 1983, and Defendant's argument fails.

### 2. Compliance with Medicaid Statutes

Defendant also copies and pastes the same arguments considered by this Court in granting Plaintiff's Motion for Preliminary Injunction—namely, that it has complied with the Medicaid statutes. Now, Defendant seems to argue

---

[29] *See id.* In *Equal Access for El Paso, Inc. v. Hawkins*, the Fifth Circuit considered whether the "Equal Access" requirement
> is enforceable in an action pursuant to § 1983 so as to afford declaratory and injunctive relief because the Medicaid payment rates for the El Paso area are deficiently priced to enlist enough providers to make medical assistance under the Plan available to the Medicaid recipients in the El Paso area at least to the extent that such care and services are available to the general (non-Medicaid) population in that area."

*Id.* at 699. In this case, Plaintiff raises no such "Equal Access" challenge.

[30] *See generally* Doc. 21.

[31] *Compare* Doc. 21 (Plaintiff seeks "judicial relief under the Federal Medicaid Act through 42 U.S.C. § 1983, from decisions, procedures, and policies of the Defendant which have illegally terminated her federal Medicaid assistance" following the LDH's finding that she was ineligible for the Qualified Individual program.), *with Romano*, 721 F.3d at 376 (Plaintiff alleged that LDH's "decisions, policies, and procedures resulted in an illegal termination of her Medicaid benefits" following the [LDH's] determination that she "was no longer eligible for Medicaid benefits."). Though the cases involve different benefits under the Medicaid Act, this fact did not inform the Fifth Circuit's analysis of whether § 1396a(a)(8) itself created a right enforceable under § 1983.

7

that, because it has complied with the Medicaid statutes, Plaintiff fails to state a claim upon which relief may be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[32] A suit against a government official in his or her official capacity is treated as a suit against the entity for whom the official works.[33]

Plaintiff previously received assistance pursuant to 42 U.S.C. § 1396a(a)(10)(E)(iv). Under this provision, applicants are deemed "Qualified Individuals" if they would otherwise be qualified Medicare beneficiaries "but for the fact that their income exceeds the income level established by the State under section 1396d(p)(2) of this title and is at least 120 percent, but less than 135 percent, of the official poverty line . . . for a family of the size involved."[34] The Medicaid Act does not, however, define the term "family of the size involved." States have historically been permitted to "apply their own reasonable definition of the phrase."[35]

In her Amended Complaint, Plaintiff challenges the LDH's application of its definition of "family of the size involved" to exclude her minor grandchild over whom she has sole custody.[36] She therefore avers that the LDH has

---

[32] West v. Atkins, 487 U.S. 42, 48 (1988).
[33] Greer v. Tran, No. Civ.A. 02–3154, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003) (Berrigan, J.) (citing Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996)).
[34] 42 U.S.C. § 1396a(a)(10)(E)(iv).
[35] 88 Fed. Reg. 35230, 35247 (Sept. 21, 2023).
[36] *See, e.g.*, Doc. 21 at 7 ("But for LDH's policy of considering Ms. Parker as an individual, Ms. Parker would as of the filing of the Supplemental Complaint be eligible for Qualified Medicare Beneficiary coverage."); Doc. 21 at 10 ("By terminating Medicaid based on a purported lack of eligibility, but without applying the federally mandated standard for determining that eligibility, the Defendant violates [42 U.S.C. § 1396a(a)(8)].").

violated 42 U.S.C. § 1396a(a)(8) by terminating her Medicaid assistance after she was improperly found ineligible.[37] As discussed *supra*, Plaintiff asserts a right enforceable under § 1983 by alleging that the LDH violated § 1396a(a)(8). Additionally, Plaintiff has pled facts showing that the alleged deprivation was committed by a person acting under color of state law.[38] Accordingly, the Court holds that Plaintiff has stated a claim upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED**.

New Orleans, Louisiana this 27th day of November, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[37] As discussed *supra*, § 1396a(a)(8) requires that State plans for Medicaid assistance "provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance *shall* be furnished with reasonable promptness to *all eligible individuals*." 42 U.S.C. § 1396a(a)(8) (emphasis added). An implementing regulation provides that the agency must "[c]ontinue to furnish Medicaid regularly to all eligible individuals until they are found to be ineligible." 42 C.F.R. § 435.930(b). "This provision implies that assistance may not be terminated until an individual is *properly* found ineligible."

[38] *See* Doc. 20 at 1 ("This action seeks preliminary and permanent injunctive relief against Defendant Ralph L. Abraham, M.D., in his official capacity as Secretary of the Louisiana Department of Health, for Louisiana's policies of refusing to consider an applicant's family size in determining income eligibility for Medicaid's Medicare premium assistance and denying that assistance to Plaintiff based on Defendant's policies.").